IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| KANSAS CITY POWER & LIGHT COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 07-0425-CV-W-ODS<br>) |
| SIEMENS POWER TRANSMISSION & DISTRIBUTION, INC, et al., | )<br>)<br>) |
| Defendants. | ) |

ORDER AND OPINION GRANTING PLAINTIFF'S MOTION TO REMAND

Pending is Plaintiff's Motion to Remand. The Court agrees Progress Electric was not fraudulently joined, so the motion (Doc. # 9) is granted and the case is remanded to the Circuit Court for Jackson County, Missouri.

I. BACKGROUND

Plaintiff filed this case in state court against a multitude of defendants. One of those defendants – Progress Electric – is unquestionably a citizen of Missouri. There are no federal questions in the case, Progress Electric's inclusion as a defendant destroys the diversity of citizenship necessary to sustain jurisdiction. Defendants contend Progress Electric's citizenship can be ignored because it was fraudulently joined in order to defeat diversity.

The suit arose from the explosion of a transformer designed by several of the defendants in concert and installed by Progress Electric. Complaint, ¶¶ 13, 29, 69. "Progress Electric's work included the installation and hook up of the bushings that became a point of failure on the transformer." Complaint, ¶ 29. Count I alleges Defendants were negligent and professionally negligent in the design and installation of the transformer. "Progress Electric had a duty to exercise that degree of care and skill

that professionals in Progress Electric's profession ordinarily employ under same or similar circumstances."  Complaint, ¶ 75.  "Progress Electric negligently failed to install the transformer in a safe manner and failed to recognize that its faulty installation could lead and did lead to a dangerous condition," which breached the duty of care owed to Plaintiff.  Complaint, ¶ 75.

## II.  DISCUSSION

> Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. "[I]t is well established that if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." Iowa Pub. Serv. Co. v. Med. Bow Coal Co., 556 F.2d 400, 406 (8th Cir. 1977) (emphasis added).  However, if there is a "colorable" cause of action - that is, if the state law *might* impose liability on the resident defendant under the facts alleged - then there is no fraudulent joinder.  See Foslip Pharm., Inc. v. Metabolife Int'l, Inc., 92 F. Supp.2d 891, 903 (N.D. Iowa 2000).

Filla v. Norfolk S. Ry. Co., 336 F.3d 806, 810 (8th Cir. 2003) (internal footnote omitted). "[J]oinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants."  Wiles v. Capitol Indem. Corp., 280 F.3d 868, 871 (8th Cir. 2002).  If there is a reasonable basis in fact and law that supports the claim, joinder is not fraudulent.  Filla, 336 F.3d at 810.

In conducting this inquiry, the Court must "resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor," but the Court has "no responsibility to *definitively* settle the ambiguous question of state law."  Id. at 811 (citations omitted) (emphasis in original).  "Instead, the court must simply determine whether there is a reasonable basis for predicting that the state's law *might* impose liability against the defendant."  Id. (emphasis added).  Where the sufficiency of the complaint against the non-diverse defendant is questionable, "the better practice is for

2

Case 4:07-cv-00425-ODS   Document 46   Filed 09/28/07   Page 2 of 3

the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide." Id. (quoting Iowa Pub. Serv. Co., 556 F.2d at 406). Finally, the party seeking removal and opposing remand has the burden of demonstrating that federal jurisdiction exists. In re Bus. Men's Assurance Co. of Am., 992 F.2d 181, 183 (8th Cir. 1995) (per curiam) (citing Bor-Son Bldg. Corp. v. Heller, 572 F.2d 174, 181 n.13 (8th Cir. 1978)).

Defendants have not carried their burden of demonstrating federal jurisdiction exists. They have engaged in a detailed discussion as to whether the Complaint would have withstood a motion to dismiss in Missouri state court, but this is not the proper perspective. The question is not whether Plaintiff has stated a claim against Progress Electric, but whether a reasonable basis in law is absent. Clearly, with or without additional factual allegations, Plaintiff is alleging a well-recognized tort claim against Progress Electric. The legal basis for the claim is not contestable, nor is it contested, in this proceeding. This leaves, then, the factual basis for the claim. While there has not been a lot of detail provided, the Court cannot conclude Defendants have carried their burden of demonstrating the absence of a reasonable basis in fact for Plaintiff's claim against Progress Electric. "The relevant inquiry in analyzing fraudulent joinder . . . focuses only on whether a plaintiff 'might' have a 'colorable' claim under state law against a fellow resident, not on the artfulness of the pleadings." Wilkinson v. Shackelford, 478 F.3d 957, 964 (8th Cir. 2007).

The three motions to dismiss must remain pending for consideration by a court with jurisdiction over the case because this Court lacks jurisdiction. The case is remanded to the Circuit Court for Jackson County, Missouri.

IT IS SO ORDERED.

                                              /s/ Ortrie D. Smith
                                              ORTRIE D. SMITH, JUDGE
DATE: September 28, 2007           UNITED STATES DISTRICT COURT